Citation Nr: 1744025 
Decision Date: 09/27/17 Archive Date: 10/10/17

DOCKET NO. 14-01 038 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to an effective date prior to April 5, 2007, for the assignment of a 100 percent rating for schizophrenia, paranoid type. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J.A. Williams, Associate Counsel 

INTRODUCTION

The Veteran had active service from September 1971 to May 1973.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office in Los Angeles, California. The decision granted the Veteran a 100 percent rating for his service-connected schizophrenia, paranoid type, effective April 5, 2007. In July 2012, the Veteran submitted a notice of disagreement (NOD) stating that an earlier effective date should have been assigned for his 100 percent rating. 

In May 2015, the Veteran testified at a video conference hearing held before the undersigned. A transcript of the hearing testimony is in the claims file. 

In a July 2015 decision, the Board denied the claim. The Veteran appealed the decision to the Court of Appeals for Veterans Claims (Court). In a September 2016 memorandum decision, the Court set aside the Board's decision and remanded it for additional development. Thus, the appeal is before the Board for readjudication

The appeal is REMANDED to the Agency of Original Jurisdiction. VA will notify the appellant if further action is required.


REMAND

In the September 2016 memorandum decision, the Court found that Board erred in finding that VA satisfied the duty to assist where it failed to obtain VA treatment records prior to April 5, 2007 that could serve as an informal claim for an increased evaluation. Specifically, an April 5, 2007 VA treatment note indicates that the Veteran was "seen six months ago." However, the earliest VA treatment records in the Veteran's claims file prior to April 2007 are from March 2003. As such a remand is required for all outstanding VA treatment records prior to April 2007. 


Accordingly, the case is REMANDED for the following action:

1. Obtain all of the Veteran's outstanding VA treatment records from West Los Angeles and Sepulveda VA medical centers for the period prior to April 2007. 

2. Then, readjudicate the appeal. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
R. FEINBERG
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).